UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMEEN JAMALEDDIN,

    Plaintiff,

v.

Case No. 13-cv-12735
Hon. Matthew F. Leitman

OAKLAND PHYSICIANS MEDICAL
CENTER, L.L.C. et al.,

    Defendants.

_____/

## ORDER REQUIRING THE PARTIES TO SUBMIT SUPPLEMENTAL BRIEFS WITH RESPECT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF #18)

Plaintiff Dr. Ameen Jamaleddin ("Plaintiff") filed this employment discrimination and breach of contract action against his former employer, Defendant Oakland Physicians Medical Center, L.L.C., and his former supervisor Nikhil Hemady (collectively "Defendants"). (*See* Complaint, ECF #1.) On May 15, 2014, Defendants filed a Motion for Summary Judgment. (*See* ECF #18.) The Court held a hearing on Defendants' motion on October 15, 2014. (*See* Docket.)

In their motion, Defendants argue that "[t]o establish a *prima facie* case of employment discrimination, a plaintiff *must* demonstrate[,]" among other things, that he was "treated differently than similarly situated non-protected employees." (Def.'s Br. at 12-13, Pg. ID 124-125.) (Emphasis added.) However, there appears

1

to be some authority that a plaintiff may establish a *prima facie* case of discrimination, at least in some contexts, without identifying a similarly-situated individual outside of the relevant protected group who was treated more favorably than him.[1] *See, e.g. Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1276-1277 (11th Cir. 2008); *Cf. Lindsay v. Yates*, 578 F.3d 407, 416-418 (6th Cir. 2009). The Court would benefit from additional briefing on this issue.

Accordingly, **IT IS HEREBY ORDERED** that the parties shall submit supplemental briefing, not to exceed ten pages, addressing the following:

1) Whether Plaintiff can establish a *prima facie* case on his specific employment discrimination claim without identifying a similarly-situated individual outside of the relevant protected group who was treated more favorably than him;

2) If the answer to question (1) above is "yes," then what must Plaintiff show in order to establish a *prima facie* case on his specific employment discrimination claim without identifying a similarly-situated individual outside of the relevant protected group who was treated more favorably than him; and

---

[1] The Court is aware that a plaintiff in an employment discrimination case may also establish a *prima facie* case of discrimination by showing, among other things, that he was replaced by a person outside the protected class. This additional method of establishing a *prima facie* case, however, is not relevant to Plaintiff's claim because it is undisputed that Plaintiff was not replaced, and the parties need not discuss this alternative in their supplemental briefs.

3) Whether Plaintiff has presented sufficient evidence in this case to establish a *prima facie* case of employment discrimination without identifying a similarly-situated individual outside of the relevant protected group who was treated more favorably than him.

While the parties are free to cite any authority in their supplemental briefs, the Court is most interested in decisions from the United States Supreme Court, the United States Court of Appeals for the Sixth Circuit, and this Court.

Plaintiff shall file his supplemental brief within fourteen (14) days of this Order. Defendants shall file their supplemental brief within fourteen (14) days following the filing of Plaintiff's brief.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 21, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

3